STATE OF SOUTH CAROLINA )     IN THE COURT OF COMMON PLEAS

COUNTY OF SPARTANBURG )

Trena Rice, as Personal Representative of the )     CIVIL ACTION COVERSHEET
Estate of Queniya Shelton,

                Plaintiff(s) )

2014-CP-42-1665

JUN 24 2014

COUNTY ATTORNEY

                 vs. )

Chuck Wright, D.L. Gilbert and Spartanburg )
County Sheriff's Office

             Defendant(s) )

| | |
|---|---|
| Submitted By: Joe Mooneyham | SC Bar #:    004041 |
| Address: Post Office Box 8359 | Telephone #:    **(864) 421-0036** |
|         Greenville, SC 29604 | Fax #:    **(864) 421-9060** |
| | Other: |
| | E-mail:    joe@mbllc.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☒ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____ -CP- ____ - ____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _(signature)_        Date:   **April 21, 2014**

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**      **You must comply with the Supreme Court Rules regarding ADR.**
                **Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )
                                )     IN THE COURT OF COMMON PLEAS

COUNTY OF SPARTANBURG )

Trena Rice, as Personal Representative of )
the Estate of Queniya Shelton )     CASE NO. 2014-CP-42-1665
                                )

          Plaintiff, )

          v. )              Summons
                                )     (Jury Trial Requested)
Chuck Wright, D.L. Gilbert and )
Spartanburg County Sheriff's Office )

          Defendants. )
_____ )

TO THE DEFENDANT ABOVE-NAMED:

     YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy

of which is herewith served upon you, and to serve a copy of your answer to this complaint upon

the subscriber, located at 1225 S. Church Street, Greenville, South Carolina 29605, within thirty

(30) days after service hereof, exclusive of the day of such service, and if you fail to answer the

complaint, judgment by default will be rendered against you for the relief demanded in the

complaint.

                    Respectfully submitted,

                    _____
                    Joe Mooneyham, S.C. Bar No. 004041
                    Mooneyham Berry, LLC
                    Post Office Box 8359
                    Greenville, South Carolina 29604
                    864.421.0036 Fax 864.421.9060
                    joe@mbllc.com
                    Attorneys for the Plaintiff

April 21, 2014
Greenville, South Carolina

STATE OF SOUTH CAROLINA          )
                                 )     IN THE COURT OF COMMON PLEAS
COUNTY OF SPARTANBURG            )

Trena Rice, as Personal Representative of  )
the Estate of Queniya Shelton              )     CASE NO. 2014-CP-42-1665
                                           )
                                           )
            Plaintiff,                     )
                                           )
    v.                                     )          Complaint
                                           )     (Jury Trial Requested)
Chuck Wright, D.L. Gilbert and             )
Spartanburg County Sheriff's Office        )
                                           )
                                           )
            Defendants.                    )
                                           )

          The plaintiff would respectfully show unto the court that:

                    **PARTIES AND JURISDICTION**

          1.    Plaintiff Trena Rice is the grandmother of Queniya Shelton, a minor under the age

of 18 years of age. Further, the plaintiff is the appointed personal representative for her

granddaughter's estate. Both the plaintiff and her granddaughter were citizens and residents of

Spartanburg County, South Carolina.

          2.    Chuck Wright, is, and was at the time of the incident complained of, the Sheriff of

Spartanburg County, South Carolina, and was responsible for the administration and operation of

the Spartanburg County Sheriff's Office. Further, on information and belief, Mr. Wright is a

citizen and resident of Spartanburg County, South Carolina. He is named in his official capacity

as the final policymaker for the Spartanburg County Sheriff's Office with respect to policing

and law enforcement, as well as in his individual capacity for acts taken under color of state law

and within the scope of his employment.

3.     D.L. Gilbert was, at the time of the incident complained of, a deputy employed by Chuck Wright, and the Spartanburg County Sheriff's Office. Further, on information and belief, Mr. Gilbert is a citizen and resident of Spartanburg County, South Carolina. He is named in his official capacity for acts undertaken in his individual capacity under color of state law and within the scope of his employment.

4.     The Spartanburg County Sheriff's Office (County) is a governmental entity organized under the laws of the State of South Carolina. Further, the defendant corporately operates a sheriff's office in Spartanburg County, where it employees persons charged with enforcing the various statutes enacted by the legislature of the state of South Carolina. The defendant is amenable to suit pursuant to *S.C. Code, Ann.,* § 15-78-40 (2013, as amended).

5.     Based on the foregoing, this Court has jurisdiction of the subject matter of and parties to this action, and venue is proper in Spartanburg County, pursuant to *S.C. Code, Ann.,* § 15-78-100 (2013, as amended).

## FACTS

6.     On or about August 6, 2012, Queniya Shelton was a passenger in a Dodge Journey traveling North on Interstate 85 in Spartanburg County.

7.     The vehicle was being driven by Queniya's mother, Errika Dominique Shelton.

8.     While on patrol around mile marker 70, Deputy Gilbert spotted the Dodge being driven by Errika and after noticing suspicious driving, Deputy Gilbert activated his blue lights. However, the vehicle did not stop and proceeded north on Interstate 85.

9.     After activating his siren, the driver sped up and continued to travel north at high speeds making improper lane changes.

10.     Gilbert initiated a pursuit of the Dodge being driven by Errika Shelton, which

turned into a high-speed chase.

11.     During the pursuit, which extended over several miles, both drivers exceeded the speed limit, passed in no passing zones and otherwise drove carelessly and recklessly.

12.     The pursuit ended when Errika Shelton lost control of the vehicle and left the road at a high rate of speed, striking the median guardrail head on, flipping numerous times and ejecting Queniya Shelton.

13.     Queniya Shelton was fatally injured.

14.     As a direct and proximate result of the collision, Queniya Shelton suffered the following injuries and damages:

      a.     Conscious pain and suffering;

      b.     Mental anguish and discomfort; and,

      c.     Medical and funeral expenses.

15.     As a proximate result of her death, her statutory beneficiaries suffered the following damages:

      a.     Grief;

      b.     Shock;

      c.     Sorrow;

      d.     Wounded feelings;

      e.     Loss of companionship, and;

      f.     Medical and funeral expenses.


**FOR A FIRST CAUSE OF ACTION**
42 U.S.C. § 1983 Substantive and Procedural Due Process Violations
as to Defendant Chuck Wright

16.     The plaintiff repeats the allegations of the preceding paragraphs of her complaint

as if fully repeated here verbatim.

17. At the time and place in question, Mr. Wright was charged with the implementation and enforcement of such policies and procedures as would ensure the substantive and procedural rights of the general public to prevent the loss of life, liberty or property without due process of law, as contemplated by 42 U.S.C. § 1983.

18. Notwithstanding his duties to enact and enforce such policies, Mr. Wright failed to do so, and as a proximate result, Queniya Shelton suffered the injuries detailed above.

19. Specifically, Mr. Wright, in his official capacity and acting under color of state law, failed to protect Queniya Shelton from the violation of her substantive and procedural rights at the time and place in question, in one or more of the following particulars:

   a. In failing to institute an appropriate policy for the pursuit of suspects;

   b. In failing to enforce such a policy, if such a policy was in place;

   c. In failing to ensure that his employees were sufficiently trained or otherwise educated in the execution of traffic pursuits from the perspective of the pursuing officer(s);

   d. In failing to ensure that his employees were sufficiently trained or otherwise educated in the management of traffic pursuits from the perspective of the dispatch officer(s);

   e. In failing to ensure that his employees were sufficiently trained or otherwise educated in the management of traffic pursuits from the perspective of the supervising or managing officer(s);

   f. In failing to provide sufficient supervision of the pursuit in question;

   g. In failing to monitor the pursuit in question;

   h. In failing to terminate the pursuit in question; and,

i.      In such other ways as will become convenient through discovery.

20.      The above-referenced acts and omissions deprived Queniya Shelton of both liberty and property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. These acts and omissions also inflicted cruel and unusual punishment upon Queniya Shelton in violation of the Eighth Amendment to the United States Constitution.

21.      The above-referenced acts and omissions further interfered with Queniya Shelton's fundamental constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution, as applied to the State of South Carolina vis-a-vis the Fourteenth Amendment.

22.      Further, the above-referenced acts and omissions constituted behavior that demonstrated conscious indifference for Queniya Shelton's rights.

23.      The plaintiff is therefore informed and believes that she is entitled to judgment on Queniya Shelton's behalf for actual and punitive damages.


**FOR A SECOND CAUSE OF ACTION**
42 U.S.C. § 1983 Substantive and Procedural Due Process Violations
as to Defendant D.L. Gilbert

24.      The plaintiff repeats the allegations of the preceding paragraphs of her complaint as if fully repeated here verbatim.

25.      At the time and place in question, Mr. Gilbert was charged with the enforcement of the statutes of the State of South Carolina and with the enforcement of the policies and procedures promulgated by his employer, the Spartanburg County Sheriff, in a manner that would ensure the substantive and procedural rights of the general public to prevent the loss of life, liberty or property without due process of law, as contemplated by 42 U.S.C. § 1983.

26. Notwithstanding his duties to enforce such statutes and policies, Mr. Gilbert failed to do so, and as a proximate result, Queniya Shelton suffered the injuries detailed above.

27. Specifically, Mr. Gilbert, in his official capacity and acting under color of state law, failed to protect Queniya Shelton from the violation of her substantive and procedural rights at the time and place in question, in one or more of the following particulars:

    a.    In initiating the pursuit of the vehicle in which Queniya Shelton was riding in violation of state law and/or the policies and procedures of the Spartanburg County Sheriff's Office;

    b.    In continuing the pursuit in question in violation of state law and/or the policies and procedures of the Spartanburg County Sheriff's Office;

    c.    In failing to understand and implement the pursuit policy in force and implemented by his employer at the time and place in question;

    d.    In failing to report the details of the pursuit accurately to the officer supervising the pursuit, if any;

    e.    In failing to solicit input from the officer supervising the pursuit, if any;

    f.    In failing to follow the instructions or orders of the officer supervising the pursuit, if any;

    g.    In continuing the pursuit when it became apparent that the pursuit posed a risk of injury to the public, as well as to Queniya Shelton;

    h.    In failing to terminate the pursuit in question;

    i.    In driving in excess of the posted speed in violation of *S.C. Code Ann.,* §56-5-1520 (2012, as amended);

    j.    In passing other vehicles inappropriately in violation of *S.C. Code*

*Ann.,* §56-5-1840 (2012, as amended);

k.  In passing in no passing zones in violation of *S.C. Code Ann.,* §56-5-1890 (2012, as amended);

l.  In following too closely in violation of *S.C. Code Ann.,* §56-5-1930 (2012, as amended); and,

m.  In such other ways as will become evident through discovery.

28.  The above-referenced acts and omissions deprived Queniya Shelton of both liberty and property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. These acts and omissions also inflicted cruel and unusual punishment upon Quieniya Shelton in violation of the Eighth Amendment to the United States Constitution.

29.  The above-referenced acts and omissions further interfered with Queniya Shelton's fundamental constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution, as applied to the State of South Carolina vis-a-vis the Fourteenth Amendment.

30.  Further, the above-referenced acts and omissions constituted behavior that demonstrated conscious indifference for Queniya Shelton's rights.

31.  The plaintiff is therefore informed and believes that she is entitled to judgment on Queniya Shelton's behalf for actual and punitive damages.

### FOR A THIRD CAUSE OF ACTION
Violation of the South Carolina Tort Claims Act
as to Defendant Spartanburg County Sheriff's Office

32.  The plaintiff repeats the allegations of the preceding paragraphs of her complaint as if fully repeated here verbatim.

33. As already alleged, the Spartanburg County Sheriff's Office is a governmental entity amenable to suit pursuant to the terms and conditions of the South Carolina Tort Claims Act, *S.C. Code, Ann.,* §§ 15-78-10, *et. seq.,* (2012, as amended).

34. Further, pursuant to the Act, governmental agencies and entities are vicariously liable for the acts and omissions of their agents, servants and employees.

35. As already alleged, Mr. Gilbert and Mr. Wright were, at the pertinent times, acting within the course and scope of their employment with the Sheriff's Office when the events alleged occurred.

36. Moreover, other, unnamed and at this time unknown agents, servants and employees of the Sheriff's Office participated, on information and belief, in the promulgation of various policies and procedures related to police pursuits by the Office's employees, and further, in the implementation and enforcement of such policies, as well as in the education of the Sheriffs' Office's employees regarding the policies themselves.

37. Moreover, other, unnamed and at this time unknown agents, servants and employees of the Sheriff's Office participated in the pursuit in question, as dispatchers, supervisors, or other pursuers of the automobile in which Queniya Shelton was a passenger.

38. In its role as the provider of law enforcement services for Spartanburg County, the Sheriff's Office owes the general public the duty of protecting the public from wrongdoers but also the duty of compliance with the laws of the state and with general standards for the operation of a police agency, including the enactment, implementation and enforcement of policies that provide for safe, reasonable and appropriate efforts to apprehend fleeing suspects.

39. Notwithstanding its duties and obligations, at the time of the pursuit which is the subject of this action, the agents, servants and employees of the Sheriff's Office failed to act

reasonably in one or more of the following particulars:

    a.      In failing to institute an appropriate policy for the pursuit of suspects;

    b.      In failing to enforce such a policy, if such a policy was in place;

    c.      In failing to ensure that its employees were sufficiently trained or otherwise educated in the execution of traffic pursuits from the perspective of the pursuing officer(s);

    d.      In failing to ensure that its employees were sufficiently trained or otherwise educated in the management of traffic pursuits from the perspective of the dispatch officer(s);

    e.      In failing to ensure that its employees were sufficiently trained or otherwise educated in the management of traffic pursuits from the perspective of the supervising or managing officer(s);

    f.      In failing to provide sufficient supervision of the pursuit in question;

    g.      In failing to monitor the pursuit in question;

    h.      In failing to terminate the pursuit in question;

    i.      In initiating the pursuit of the vehicle in which Queniya Shelton was riding in;

    j.      In continuing the pursuit in question;

    k.      In failing to understand and implement the pursuit policy in force at the time and place in question;

    l.      In failing to report the details of the pursuit accurately to the officer supervising the pursuit, if any;

    m.      In failing to solicit input from the officer supervising the pursuit, if any;

    n.      In failing to follow the instructions or orders of the officer supervising the

pursuit, if any;

    o.    In continuing the pursuit when it became apparent that the pursuit posed a risk of injury to the public, as well as to Queniya Shelton;

    p.    In driving in excess of the posted speed in violation of *S.C. Code Ann.,* §56-5-1520 (2012, as amended);

    q.    In passing other vehicles inappropriately in violation of *S.C. Code Ann.,* §56-5-1840 (2012, as amended);

    r.    In passing in no passing zones in violation of *S.C. Code Ann.,* §56-5-1890 (2012, as amended);

    s.    In following too closely in violation of *S.C. Code Ann.,* §56-5-1930 (2012, as amended); and,

    t.    In such other ways as will become evident through discovery.

40.    The acts and omissions of the agents, servants and employees of the Sheriff's Office constituted negligence, and in some cases recklessness, in the management of the pursuit in question.

41.    As a proximate result of the negligence and recklessness of the agents, servants and employees of the Sheriff's Office, Queniya Shelton suffered the injuries alleged above.

42.    The plaintiff is therefore informed and believes that she is entitled to judgment on Queniya Shelton's behalf for actual damages.

43.    Further, the plaintiff is informed and believes that the acts and omissions of all the defendants, individually and corporately, combined and concurred to bring about Queniya Shelton's injuries.

WHEREFORE, the plaintiff prays judgment against the defendants, jointly and severally,

for actual damages, for punitive damages, for the costs of this action and for such other and

further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Joe Mooneyham, S.C. Bar No. 004041
Mooneyham Berry, LLC
Post Office Box 8359
Greenville, South Carolina 29604
864.421.0036 Fax 864.421.9060
joe@mbllc.com
Attorneys for the Plaintiff

April 21, 2014
Greenville, South Carolina

M. HOPE BLACKLEY    2014 APR 22 PM 2: 51

STATE OF SOUTH CAROLINA )
                               )
COUNTY OF SPARTANBURG )

Trena Rice, as Personal Representative of )
the Estate of Queniya Shelton )
                               )
                    Plaintiff, )

                v. )

Chuck Wright, D.L. Gilbert and )
Spartanburg County Sheriff's Office )
                               )
                  Defendants. )
_____ )

IN THE COURT OF COMMON PLEAS

CASE NO. 2014-CP-42-1665

JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure, the plaintiffs, by

their undersigned attorney, demand a jury trial on all issues set forth in this cause

Respectfully submitted,

Joe Mooneyham, S.C. Bar ID 004041
Mooneyham Berry, LLC
Post Office Box 8359
Greenville, South Carolina 29604
864.421.0036  Fax 864.421.9060
joe@mbllc.com

Attorneys for the Plaintiff

April 21, 2014

Greenville, South Carolina