IN THE UNITED STATES DISTRICT COURT
DISTRICT FOR SOUTH CAROLINA
CASE NO.: _____

| | |
|---|---|
| Trena Rice, as Personal Representative of the Estate of Queniya Shelton,<br><br>Plaintiff,<br><br>v.<br><br>Chuck Wright, D.L. Gilbert and Spartanburg County Sheriff's Office<br><br>Defendants. | (C.A. No.: 2014-CP-42-01665)<br><br>**ANSWER OF DEFENDANTS CHUCK WRIGHT, D.L. GILBERT AND SPARTANBURG COUNTY SHERIFF'S OFFICE**<br><br>**(JURY TRIAL DEMANDED)** |

The Defendants, Chuck Wright, D.L. Gilbert and Spartanburg County Sheriff's Office (hereinafter "Defendants") answering the Complaint of the Plaintiff would respectfully show unto the Court as follows:

### FOR A FIRST DEFENSE

1.     The Defendants admit, upon information and belief, the allegations contained in Paragraph 1 of the Complaint.

2.     In answer to Paragraph 2, the Defendants admit that Chuck Wright is the Sheriff of Spartanburg County, South Carolina. The remaining allegations contained in Paragraph 2 are denied and strict proof demanded thereof.

3.     The Defendants admit that D.L. Gilbert, at the time of the incident complained of, was a Deputy employed by the Spartanburg County Sheriff's Office. The remaining allegations contained in Paragraph 3 of the Complaint are denied and strict proof is demanded thereof.

1

4. The Defendants admit the allegations contained in Paragraph 4 of the Complaint and further allege that Spartanburg County Sheriff's Office is a governmental entity and subject to the terms and provisions of the South Carolina Tort Claims Act.

5. The Defendants admit the allegations contained in Paragraph 5

6. The Defendants admit, upon information and belief, the allegations contained in Paragraph 6 of the Complaint.

7. The Defendants admit, upon information and belief, the allegations contained in Paragraph 7 of the Complaint.

8. The Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. The Defendants lack sufficient information in order to form a belief as to the allegations contained in Paragraph 9 of the Complaint, and, therefore, deny the same and demand strict proof thereof.

10. The Defendants lack sufficient information in order to form a belief as to the allegations contained in Paragraph 10 and, therefore, deny the same and demand strict proof thereof.

11. The Defendants lack sufficient information in order to form a belief as to the allegations contained in Paragraph 11 and, therefore, deny the same and demand strict proof thereof.

12. In answer to Paragraph 12, the Defendants admit that the vehicle driven by Erica Shelton crashed and struck the guardrail. The remaining allegations contained in Paragraph 12 are denied and strict proof demanded thereof.

13. The Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. The Defendants lack sufficient information in order to form a belief as to the allegations contained in Paragraph 14 and, therefore, deny the same and demand strict proof thereof.

15. The Defendants lack sufficient information in order to form a belief as to the allegations contained in Paragraph 15 and, therefore, deny the same and demand strict proof thereof.

16. In answer to Paragraph 16, the Defendants reallege and incorporate herein the preceding allegations.

17. The allegations contained in Paragraph 17 are not proper allegations of fact but are conclusions of law. Therefore, a response is not required. However, to the extent that a response is required, such allegations are denied.

18. The Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. The Defendants deny the allegations contained in Paragraph 19, including subparts A, B, C, D, E, F, G, H, and I.

20. The Defendants deny the allegations contained in Paragraphs 20, 21, 22 and 23 of the Complaint.

21. In answer to Paragraph 24, the Defendants reallege and incorporate herein the preceding allegations.

22. The allegations contained in Paragraph 25 of the Complaint are not proper allegations of fact but are conclusions of law. Therefore, a response is not required.

However, to the extent that a response is required, the Defendants deny the allegations contained in Paragraph 25 of the Complaint.

23. The Defendants deny the allegations in Paragraph 26 of the Complaint.

24. The Defendants deny the allegations contained in Paragraph 27 of the Complaint, including subparts A, B, C, D, E, F, G, H, I, J, K, L and M.

25. The Defendants deny the allegations contained in Paragraphs 28, 29, 30 and 31 of the Complaint.

26. In answer to Paragraph 32 of the Complaint, the Defendants reallege and incorporate herein the preceding allegations.

27. The Defendants admit the allegations contained in Paragraphs 33, 34 and 35 of the Complaint.

28. In answer to the allegations contained in Paragraph 36 of the Complaint, the Defendants lack sufficient information in order to form a belief as to the allegations contained in Paragraph 36 and, therefore, deny the same and demand strict proof thereof.

29. The Defendants lack sufficient information in order to form a belief as to the allegations contained in Paragraph 37 and, therefore, deny the same and demand strict proof thereof.

30. The allegations contained in Paragraph 38 of the Complaint are not proper allegations of fact but are conclusions of law. Therefore, a response is not required. However, to the extent that a response is required, the allegations contained in Paragraph 38 are denied.

31. The Defendants deny the allegations contained in Paragraph 39, including subparts A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S and T.

32. The Defendants deny the allegations contained in Paragraph 40 of the Complaint.

33. The Defendants deny the allegations contained in Paragraph 41 of the Complaint.

34. The Defendants deny the allegations contained in Paragraphs 42 and 43 of the Complaint.

35. The Defendants deny each and every allegation contained in the Plaintiff's Complaint not specifically admitted, explained or modified herein above.

## FOR A SECOND DEFENSE
(42 U.S.C. §1983 and S.C. Code §15-78-120(b))

36. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 35 as if contained fully herein and repeated verbatim.

37. The Defendants assert that punitive damages cannot be recovered against the Defendants according to 42 USC §1983 and/or under §15-78-120(b) under the South Carolina Code of Laws; therefore, the Plaintiff's Complaint should be dismissed

## FOR A THIRD DEFENSE
(South Carolina Tort Claims Act)
(S.C. Code §15-78-120)

38. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 37 as if contained fully herein and repeated verbatim.

39. The Defendants alleges any and all limitations of liability provided by §15-78-120 under the South Carolina Code of Laws; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A FOURTH DEFENSE
(South Carolina Tort Claims Act)
(S.C. Code §15-78-60)

40. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 39 as if contained fully herein and repeated verbatim.

41. The Defendants asserts any and all rights of limitations of liability pursuant to §15-78-60 of the South Carolina Code of Laws, including but not limited to, all applicable subparagraphs of this section; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A FIFTH DEFENSE
(South Carolina Tort Claims Act)
(S.C. Code §15-78-70)

42. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 41 as if contained fully herein and repeated verbatim.

43. The Defendants asserts any and all defenses and immunities under §15-78-70 of the South Carolina Code of Laws; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A SIXTH DEFENSE
(Intervening Negligence of Third Parties)

44. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 43 as if contained fully herein and repeated verbatim.

45. The defendants allege that, even if they were negligent or reckless in any respects, which is expressly denied, and admitted solely for the purpose of this defense and no other, they are not liable to the Plaintiff for the resulting damages of the Plaintiff, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of Errika Shelton in failing to stop for blue lights, in traveling at a high rate of speed, making improper lane changes at a high rate of speed, passing in no-passing zones, driving carelessly and recklessly without regard for the safety of her passenger, driving carelessly and recklessly without regard for the safety of other drivers, in failing to take evasive action to avoid the accident, in failing to keep a proper lookout and in failing to use the degree of caution that a reasonably prudent person would have used under the circumstances then and there existing, which negligent and reckless acts were not reasonably foreseeable and intervened and acted as a direct and proximate cause of the collision, and the resulting damages, if any, sustained by the plaintiff.

## FOR A SEVENTH DEFENSE
(Qualified Immunity)

46. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 45, as if contained fully herein and repeated verbatim

7

47. The Defendants hereby assert that they are entitled to qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN EIGHTH DEFENSE
(Eleventh Amendment/Sovereign Immunity)

48. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 47 as if contained fully herein and repeated verbatim

49. The Defendants allege that at all times herein, each was acting within the course and scope of their official capacity as employees of the Spartanburg County employee and that, as such, each is the alter ego of the State of South Carolina. For that reason, these Defendants allege that they enjoy immunity under the Eleventh Amendment of the United States Constitution.

## FOR A NINTH DEFENSE
(42 U.S.C. §1983)

50. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 49 as if contained fully herein and repeated verbatim.

51. The Defendants allege that a Defendant sued in his or her official capacity is not a "person" for purposes of liability under 42 U.S.C. §1983; and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TENTH DEFENSE
(Comparative Negligence-Barred)

52. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 51 as if contained fully herein and repeated verbatim.

53. Pursuant to Plaintiff's allegations of loss and/or damages as to statutory beneficiaries of deceased Plaintiff Queniya Shelton, Defendants allege that any claims by statutory beneficiary Errika Shelton are barred due to the fact any injuries and damages sustained by the Plaintiff, said injuries and damages were caused by the greater negligence and/or willfulness of the Plaintiff's statutory beneficiary Errika Shelton, which exceeds the negligence and/or willfulness, if any, on the part of the Defendants, without which greater negligence and/or willfulness on the part of the Plaintiff's statutory beneficiary Errika Shelton, said alleged injury or damage would not have occurred or been sustained and for that reason, the Plaintiff is totally barred from recovery.

**FOR AN ELEVENTH DEFENSE**
(Respondeat Superior)

54. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 53 as if contained fully herein and repeated verbatim.

55. The Plaintiff's Complaint against the Defendants is based on R*espondeat Superior* and therefore, barred pursuant to 42 USC §1983.

**FOR A TWELFTH DEFENSE**
(42 U.S.C. § 1983)

56. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 55 as if contained fully herein and repeated verbatim.

57. The Defendants allege all rights and protections pursuant to 42 U.S.C. § 1983 and, therefore, the Plaintiff's Complaint should be dismissed.

9

**FOR A THIRTEENTH DEFENSE**
(Fourth and Eighth Amendments)

58. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 57 as if contained fully herein and repeated verbatim.

59. The Defendants allege all rights pursuant to the Fourth and Eighth Amendment of the United States Constitution and, therefore, the Plaintiff's Complaint should be dismissed.

**FOR A FOURTEENTH DEFENSE**
(42 U.S.C. § 1983)

60. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 59 as if contained fully herein and repeated verbatim.

61. The Defendants allege that they are insulated from the Plaintiff's 42 U.S.C. § 1983 claim, since they had probable cause for the arrest of the Plaintiff. Accordingly, the Plaintiff's Complaint be should be dismissed.

**FOR A FIFTEENTH DEFENSE**
(Negligent Supervision)

62. The Defendants reallege and incorporate each and every allegation contained in Paragraphs 1 through 61 as if contained fully herein and repeated verbatim.

63. The Defendants allege that the injuries and damages, as alleged in Plaintiff's Complaint, were due directly to and proximately caused by the reckless, willful, wanton and negligent acts of deceased minor Plaintiff's mother, Errika Shelton, in failing to properly and adequately supervise her seven (7) year old minor daughter and

10

knowingly putting her minor daughter at substantial risk of physical harm on the day in question and at the time and place in question with the aforesaid conduct on her part acting as an intervening cause and the direct and proximate cause of minor child's death and a direct and proximate result of the minor Plaintiff's mother's failure in her responsibility to properly supervise the minor Plaintiff; that such negligence in the actions and/or omissions of said minor Plaintiff's mother would accordingly bar all Plaintiffs from recovery herein.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendants Chuck Wright, D.L. Gilbert and Spartanburg County Sheriff's Office respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, for costs in this action and such other and further relief as the Court may deem just and proper.

**Clarkson, Walsh, Terrell & Coulter, P.A.**

/s/ N. Heyward Clarkson, III
N. Heyward Clarkson, III (Fed. Bar# 00154)
Amy M. Snyder (Fed. Bar# 0980)
P.O. Box 6728
Greenville, SC 29606
(864) 232-4400 Phone
(864) 235-4399 Fax
hclarkson@clarksonwalsh.com email
asnyder@clarksonwalsh.com email
**ATTORNEYS FOR DEFENDANTS CHUCK WRIGHT, D.L. GILBERT AND SPARTANBURG COUNTY SHERIFF'S OFFICE**

Greenville, SC
July 15, 2014

**DEFENDANTS CHUCK WRIGHT, D.L. GILBERT AND SPARTANBURG COUNTY SHERIFF'S OFFICE DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

        **Clarkson, Walsh, Terrell & Coulter, P.A.**

        /s/ N. Heyward Clarkson, III
        N. Heyward Clarkson, III (Fed. Bar# 00154)
        Amy M. Snyder (Fed. Bar# 0980)
        P.O. Box 6728
        Greenville, SC 29606
        (864) 232-4400 Phone
        (864) 235-4399 Fax
        hclarkson@clarksonwalsh.com email
        asnyder@clarksonwalsh.com email
        **ATTORNEYS FOR DEFENDANTS CHUCK WRIGHT, D.L. GILBERT AND SPARTANBURG COUNTY SHERIFF'S OFFICE**

Greenville, SC
July 15, 2014